DANIBB, J.,
delivered the judgment of the court:
It seems to the court, that as it appears from the * bill of exceptions that no evidence was offered to prove the intent with which the deed from Harrison to Bevy, therein set forth, was executed, other than such as was afforded by the provisions of the deed itself, the question whether the said deed was fraudulent per se or not, was one to be decided by the court on an inspection of said deed, and not proper to be submitted to the jury; and as the first instruction proposed by the plaintiffs in error sought to refer that question to the jury, it was not an error in the Circuit court to refuse to give said instruction.
It seems further to the court, that the clause in said deed, by which it was stipulated that the grantor W. P. Harrison should keep possession of and sell the stock of goods thereby conveyed, in the usual line of his trade, and hold, occupy and enjoy the store until default in the payment of any of the debts thereby secured, or until the trustee William M. Bevy should be requested by any of the creditors in said deed mentioned to close said deed b3r sale, is explained by the clause immediately succeeding, in which it is declared that the said trustee is thereby empowered, in the event of default in the payment of any of the said debts by the said Harrison, when at maturity, upon the request of any of the said creditors, to dispose of the property in said deed conveyed; and that it was the purpose of the grantor in said deed to retain to himself the power to keep possession of and sell the said stock of goods until default should be made in the payment of said debts, and until the trustee should be requested by any of the creditors to close the deed by sale.
And it seems further to the court, that this power is one incompatible with the avowed purpose of the grantor to furnish an indemnity to his creditors; is equivalent in its effects to a power of revocation; and fully adequate to the defeat of the provisions of the deed. And therefore, that said deed is, according to *the principles adjudicated by this court in the cases of Lang v. Lee, 3 Rand. 410, Sheppard v. Turpin, 3 Gratt. 373, fraudulent per se, null and void.
And it seems therefore further to the ;ourt, that the Circuit.court erred in refusing to give the second instruction asked for by the plaintiffs in error.
It is therefore considered by the court, that the judgment of the said Circuit court be reversed and annulled, with costs, &c., the verdict of the jury set aside, and the cause remanded for a new trial, with instructions to the said Circuit court, if upon said trial the same instructions shall be asked, to refuse to give the first, and to give the second.
Judgment reversed.